UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
M.P.,

                              Plaintiff,

          -v-

UNITED STATES OF AMERICA,
WARDEN FRANK STRADA, WARDEN
KIMBERLY ASK CARLSON,
LIEUTENANT EUGENIO PEREZ, and
JOHN DOES 1-3;

                              Defendants.
-------------------------------------------------------X

**COMPLAINT AND
DEMAND FOR A
JURY TRIAL**

Index No.  18- 459

## PRELIMINARY STATEMENT

1.      Plaintiff is a female prisoner in the custody of the United States of America who

was held at Metropolitan Detention Center (MDC) in Brooklyn. On various dates in 2014

and 2015, Plaintiff was sexually harassed and assaulted by defendant corrections officer

LIEUTENANT EUGENIO PEREZ. When MDC officials, including the Wardens before

and during Plaintiff's incarceration, became aware of the ongoing sexual misconduct of

MDC employees, officials failed to take necessary action to protect prisoners including

Plaintiff. Plaintiff was instead subjected to retaliatory action and eventually transferred to

a facility in West Virginia, far away from her friends and family, and far out of the reach

of her emotional support.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the subject matter of this Complaint under 28

U.S.C. §§ 1331, 1346(b), 28 U.S.C. §2671, et. seq., Federal Tort Claims Act, and *Bivens*

*v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1972).

3.      Plaintiff filed a claim under the Federal Tort Claims Act demanding damages of a set sum and has satisfied the jurisdictional prerequisites.

4.      Plaintiff has never previously filed any lawsuits in state or federal court relating to the incidents described herein.

5.      Venue is properly within the Eastern District of New York under 28 U.S.C. §1402(b) as the acts or omissions that are the subject of this Complaint occurred within this district.

## JURY TRIAL DEMAND

6.      Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7.      At all times material hereto, Plaintiff "M.P." was a federal prisoner confined at MDC, located at 80 29th Street, Brooklyn, New York, in Kings County, and within the Eastern District of New York.     Plaintiff has filed under the initials "M.P." in consideration of her personal safety and for fear of retribution.

8.      At all times material hereto, Defendant LIEUTENANT EUGENIO PEREZ was a corrections officer at MDC, employed by the Federal Bureau of Prisons of the United States Department of Justice, and acted within the course and scope of his employment and under color of law. The Plaintiff is suing him in his individual capacity.

9.      At all times material hereto, Defendants WARDEN FRANK STRADA and/or WARDEN KIMBERLY ASK CARLSON held supervisorial authority at MDC, were employed by the Federal Bureau of Prisons of the United States Department of Justice, and acted within the course and scope of their employment and under color of law. The Plaintiff is suing them in their individual capacities.

2

10.     Defendants John Doe 1-3, were at all times relevant to this Complaint employed by Defendant UNITED STATE OF AMERICA at MDC. The Plaintiff is suing them in their individual capacities.

11.     At all times material hereto, Defendant UNITED STATES OF AMERICA owned and operated a corrections facility known as MDC, in Kings County in the State of New York, and is the appropriate Defendant under the Federal Torts Claim Act (FTCA).

12.     At all times relevant to this Complaint, the individual defendants were acting under color of federal law, in the scope and course of their employment.

## FACTUAL ALLEGATIONS

13.     In March of 2014, Plaintiff first arrived at MDC. From the date of her arrival, Plaintiff was subjected to continued sexual aggression, harassment, and contact from prison guards.

14.     Defendant LIEUTENANT EUGENIO PEREZ was a corrections officer with duties that involved the care and custody of Plaintiff.

15.     LIEUTENANT EUGENIO PEREZ frequently arranged to be alone with prisoners, and arranged for encounters in areas of the facility which did not have video surveillance.  LIEUTENANT EUGENIO PEREZ touched inmates under his command, in violation of federal policy. LIEUTENANT EUGENIO PEREZ was well known for sexually harassing prisoners, and prisoners often joked about his proclivities.

16.     LIEUTENANT EUGENIO PEREZ focused much of his sexualize contact and attention on Plaintiff.

17.     Plaintiff was unable, by reason of her status as a prisoner, to resist LIEUTENANT EUGENIO PEREZ's predatory behavior and was initially afraid to report it for fear of retaliation.

18.     LIEUTENANT EUGENIO PEREZ subjected Plaintiff to unwelcome and inappropriate touching, and inappropriate sexually-charged remarks, including questioning Plaintiff about her sexuality and sexual habits. Other inmates noticed this attention and were aware of the conduct and harassment.

19.     On January 22, 2015, Plaintiff was sexually assaulted by LIEUTENANT EUGENIO PEREZ in the prisoner changing room area of MDC. The encounter was premeditated by Perez to take place in an area known to be without video cameras. Defendant LIEUTENANT EUGENIO PEREZ attempted to forcibly remove Plaintiff's clothing, pressed his genitals against her body, and touched her breasts. Defendant LIEUTENANT EUGENIO PEREZ stated that he was tired of restraining himself.

20.     On February 9, 2015, Plaintiff was again approached by LIEUTENANT EUGENIO PEREZ while Plaintiff was confined in the Special Housing Units ("SHU"). LIEUTENANT EUGENIO PEREZ approached Plaintiff and pressured her to expose herself to him, which she refused.

21.     Prior and/or during the events that are the subject of this complaint, LIEUTENANT EUGENIO PEREZ was one of many officers that engaged in nonconsensual sexual contact with prisoners. The sexual conduct was widespread and well-known to prisoners and employees at MDC alike, and awareness of this cultural of predatory sexual conduct was known to supervisors and the Warden. As early as March of 2014, the rampant sexual contact between corrections officers and prisoners at MDC

4

became    publically    known    and    widely    reported.    See http://www.foxnews.com/us/2014/03/09/nyc-jail-guard-claim-had-sex-with-inmates-co-workers-triggers-federal.html.

22.    Yet, MDC WARDEN FRANK STRADA and other prison officials failed to provide Plaintiff with reasonably adequate protection against sexual assault and harassment. Prison officials, including WARDEN FRANK STRADA and WARDEN KIMBERLY ASK CARLSON, failed to act to prevent continued nonconsensual sexual contact or take reasonable immediate measures to protect prisoners from said contact. As the proximate result of all of the above, Plaintiff faced a constant and pervasive threat of sexual assault and sexual harassment.

23.    Upon becoming aware of sexual contact directed at Plaintiff, defendant WARDENS and JOHN DOE prison officials retaliated against Plaintiff by transferring her to higher security facilities, further restricting Plaintiff's liberty, imposing a "management variable" and moving Plaintiff far away from her friends, family, and emotional support.

24.    The defendants also took plaintiff's personal property, ie. her personal diary written while in defendants' custody, without her consent or knowledge and without appropriate due process. In taking this personal property, the defendants further alienated plaintiff and caused her excruciating emotional pain, psychological injury, embarrassment, humiliation, and fear. Further, plaintiff was treated as a suspect in the ensuing investigation of the journal's content and not as a victim.

25.     Numerous women in the custody and control of the Federal Bureau of Prisons, specifically MDC, were repeatedly sexually assaulted, exhibiting a persistent and widespread practice of engaging in said acts and conspiring to cover up those acts.

26.     The sexual abuse, obstruction of administrative remedies, and failure to institute remedial and safety measures, by officers at the Federal Bureau of Prisons, MDC, and specifically the Warden defendants, amounted to a persistent and widespread practice of Constitutional deprivations.

27.     The defendants' persistent and widespread practices caused the violations of Plaintiffs rights, and thereafter by means of using unreasonable and excessive intimidation, and psychologically damaging tactics in a manner showing careless indifference to violation of her rights.

28.     In May of 2017, three corrections officers at MDC, including defendant LIEUTENANT EUGENIO PEREZ , were arrested and indicted on sexual assault charges arising from their conduct during the times at issue in this complaint. See https://www.metro.us/news/local-news/new-york/federal-prison-officers-arrested-sexual-abuse-inmates.

29.     The Defendants acted in bad faith and malicious purpose in a manner exhibiting wantonness and willful disregard for the constitutional rights of Plaintiff and numerous other women in the custody and control of the Federal Bureau of Prisons.

30.     The actions of the Defendant, United States of America, deprived Plaintiff of her liberty, constituting a seizure of her person in violation of her constitutional rights.

31.     At all times relevant to this complaint, the Defendants acted in reckless, willful, callous and/or negligent disregard of Plaintiff's rights under federal law.

32.     At all times relevant to this complaint, the Defendants acted jointly and in concert and conspiracy to violate Plaintiff's rights under federal law.

33.     As a direct and proximate result of the above-described conduct, Plaintiff suffered damages including, excruciating emotional pain, psychological injury, embarrassment, humiliation, fear, loss of enjoyment of life, and lost liberty.

**COUNT I**
**Cruel and Unusual Punishment**
**Eighth Amendment**
(*against the Individual Defendants*)

34.     Plaintiff adopts and incorporates by reference all preceding paragraphs as if said paragraphs are set forth fully herein.

35.     Plaintiff is entitled to relief against the Individual Defendants because on multiple occasions her rights were violated by Defendants when she was subjected to nonconsensual sexual harassment, assault, and contact while a prisoner at MDC in violation of her Eighth Amendment rights.

36.     Defendant LIEUTENANT EUGENIO PEREZ intended the nonconsensual sexual assault, and verbally conveyed his ongoing intent to Plaintiff on many occasions.

37.     The conduct of LIEUTENANT EUGENIO PEREZ was accomplished under color of law and subjected and cause Plaintiff to be deprived of rights, privileges or immunities secured by the Eighth Amendment to the U.S. Constitution.

38.     Severe and repeated sexual contact, harassment, and abuse is not a lawful penalty of criminal offenders in the custody of the United States Government, and constitutes a cognizable claim of cruel and unusual punishment under the Eight Amendment.

39.     When the ongoing unlawful and abusive sexual harassment and assault became known to Defendant WARDEN FRANK STRADA and WARDEN KIMBERLY ASK

CARLSON, the Defendants failed to take the necessary immediate action to prevent any further unlawful contact and to adequately protect Plaintiff from the ongoing violation of her rights under the Eighth Amendment to the U.S. Constitution.

40.     As a result of the defendants' actions, plaintiff suffered and continues to suffer great emotional harm, anguish, insecurity, self-revulsion, embarrassment, humiliation, damage to her self-esteem and self-worth, fear, loss of enjoyment of life, and lost liberty.

**COUNT II**
**Due Process Clause of the Fourteenth Amendment**
(*against the Individual Defendants*)

41.     Plaintiff adopts and incorporates by reference all preceding paragraphs as if said paragraphs are set forth fully herein.

42.     Plaintiff is entitled to relief against the Individual Defendants because on multiple occasions her rights were violated by Defendants when her personal property, a personal diary written while in defendants' custody, was taken from her possession without her knowledge or consent and without appropriate process in violation of the Due Process Clause of the Fourteenth Amendment.

43.     As a result of the defendants' actions, plaintiff suffered and continues to suffer great emotional harm, anguish, insecurity, self-revulsion, embarrassment, humiliation, damage to her self-esteem and self-worth, fear, loss of enjoyment of life, and lost liberty.

**COUNT III**
**Negligence**
**Federal Tort Claims Act**
(*against the United States of America*)

44.     Plaintiff adopts and incorporates by reference all preceding paragraphs as if said paragraphs are set forth fully herein.

45.     Defendant UNITED STATES OF AMERICA, having a legal duty to Plaintiff as a prisoner in its care and custody, breached that duty in negligently operating and managing MDC by, *inter alia*:

    a. Hiring and retaining LIEUTENANT EUGENIO PEREZ who is, and was known or should have been known to defendants, to be of such poor moral character, temperament, and disposition as to be totally unfit to be hired and retained as a corrections officer and placed in charge of the Plaintiff.

    b. Failing to adopt, incorporate and enforce such rules, regulations, policies and procedures for the operation and management of MDC as would reasonably protect Plaintiff and others detained or incarcerated from unwarranted sexual contact from MDC employees, including Defendant LIEUTENANT EUGENIO PEREZ.

    c. Failing to properly supervise, investigate, and review the operation and management of the corrections facility and the activities and performance of Defendant LIEUTENANT EUGENIO PEREZ as an employee.

    d. Failing in the course of its investigation of known sexual misconduct by employees at MDC to take immediate protections to prevent the ongoing violation of prisoners, including Plaintiff.

46.     The aforementioned acts committed against Plaintiff by Defendant LIEUTENANT EUGENIO PEREZ were a direct result of the negligence, carelessness, and recklessness of Defendant UNITED STATES OF AMERICA, its agents, servants and employees, in failing to meet its duty of care to Plaintiff in its screening, hiring,

training, supervising, evaluating and retaining of Defendant LIEUTENANT EUGENIO PEREZ.

47.    Solely as a result of the aforementioned recklessness, negligence and carelessness of Defendant UNITED STATES OF AMERICA, its agents, servants and employees, as aforesaid, plaintiff suffered and continues to suffer great emotional harm, anguish, insecurity, self-revulsion, embarrassment, humiliation, damage to her self-esteem and self-worth, fear, loss of enjoyment of life, and lost liberty.

**COUNT IV**
**Negligent Infliction of Emotional Distress**
**Federal Tort Claims Act**
(*against the United States of America*)

48.    Plaintiff incorporates by reference the allegation set forth in all preceding paragraphs as if fully set forth herein.

49.    By the actions described above, defendants engaged in extreme and outrageous conduct and psychologically damaging tactics, which negligently caused severe emotion distress to Plaintiff throughout her incarceration at MDC and after.

50.    The acts and conduct of the defendants were the direct and proximate cause of severe emotional damage to the Plaintiff and in turn led to psychological and emotional suffering by the Plaintiff, and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

51.    As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered severe emotional distress, anguish, insecurity, self-revulsion, embarrassment, humiliation, damage to her self-esteem and self-worth, fear, loss of enjoyment of life, lost liberty, and was otherwise damaged and injured.

## COUNT V
### Conversion/Trespass to Chattels
### Federal Tort Claims Act
### (*against the United States of America*)

52.     Plaintiff incorporates by reference the allegation set forth in all preceding paragraphs as if fully set forth herein.

53.     Upon learning of the sexual assault of Plaintiff, defendants intentionally searched Plaintiff's personal property and took Plaintiff's personal journal without her knowledge or consent, and thereafter refused to return the personal property to Plaintiff for many months.

54.     The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

55.     As a result of the foregoing, Plaintiff was deprived of her liberty and property, suffered severe emotional distress, anguish, insecurity, self-revulsion, embarrassment, humiliation, damage to her self-esteem and self-worth, fear, loss of enjoyment of life, lost liberty, and was otherwise damaged and injured.

## COUNT VI
### Battery
### Federal Tort Claims Act
### (*against the United States of America*)

56.     Plaintiff adopts and incorporates by reference all preceding paragraphs as if said paragraphs are set forth fully herein.

57.     Plaintiff is entitled to relief against all Defendants because Defendant LIEUTENANT EUGENIO PEREZ sexually battered her under the color of law and as an agent, servant and employee of Defendant UNITED STATES OF AMERICA, acting

within the course and scope of his employment, and under the supervision of MDC WARDEN FRANK STRADA.

58.    LIEUTENANT EUGENIO PEREZ subjected Plaintiff to nonconsensual sexual contact, against her will and without her freely-given consent, and such acts were wrongful as a tort under the laws of the United States and without justification under any applicable federal statute or rule, nor under the Constitution of the United States.

59.    As a result  sexual harassment, conduct, assault, and abuse, Plaintiff suffered and continues to suffer great emotional harm, anguish, insecurity, self-revulsion, embarrassment, humiliation, damage to her self-esteem and self-worth, fear, loss of enjoyment of life, and lost liberty.

## REQUESTS FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court:

    a. Assume jurisdiction over this matter;

    b. Award compensatory damages to Plaintiff;

    c. Award punitive damages to Plaintiff;

    d. Convene and empanel a jury to consider the merits of this claim;

    e. Award Plaintiff reasonable costs and interest; and

    f. Grant any other relief that the Court may deem appropriate and equitable.

(this portion intentionally left blank)

Dated:   January 22, 2018
         New York, New York

Respectfully submitted,

By:_____

Gillian Cassell-Stiga
Beldock Levine & Hoffman, LLP
99 Park Avenue, PH/26th Floor
New York, New York 10016
t: 212-277-5824
*Attorneys for the Plaintiff*

13